IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES STEVEN JOHNSON                                                                PLAINTIFF
# 23-494

v.                                                        4:23CV-01030-BRW-JTK

SHANE WEST, et al.                                                               DEFENDANTS

**ORDER**

James Steven Johnson ("Plaintiff") is in custody at the Conway County, Arkansas, Detention Center (the "Detention Center"). He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1-3). The Court must screen Plaintiff's claims under the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

As explained below, certain of Plaintiff's allegations fail to state a claim on which relief may be granted and should be dismissed without prejudice.

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C.§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.  Discussion

Plaintiff filed this § 1983 lawsuit against Conway County Sheriff Mike Smith, Detention Center Administrator Shane West, and Dr. Darrell Elkin in their personal and official capacities. (Doc. No. 2 at 1-2). Plaintiff, a pretrial detainee, explains that when he was booked into the Detention Center on September 14, 2023, he was asked if he had any religious beliefs or special diet and medical issues. (Id. at 5). He responded that he is Buddhist and has a vegetarian diet. (Id.). Plaintiff also said that he suffers from manic depression, Hepatitis C, and ADHD with PTSD. (Id.)

Plaintiff complains that he was served bread, which contained eggs, and other foods high in iron in violation of his religious and dietary needs. He also complains that the "jail doctor" did not provide him proper medical care in connection with multiple complaints. Additionally, Plaintiff asserts that Defendant Smith, as the Sheriff, should know what is gong on with his deputies, correctional officers, and Detention Center administration. Plaintiff asserts that Defendants were negligent in their actions towards him. (Id. at 5-6). He seeks injunctive relief. (Id. at 10).

A.       **Official Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities seeking injunctive relief. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's claims against Defendants are the equivalent of claims against Conway County. Plaintiff can establish liability against Conway County by showing that a constitutional violation was the result of an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). This is standard applies equally to requests for injunctive relief. See Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006). A municipality may not be held liable "solely because it employs a tortfeasor." Szabla v. City of Brooklyn Park, Minnesota, 486 F.3d 385, 389 (8th Cir. 2007).

Plaintiff has not alleged that an official policy promulgated by any Defendant was the moving force behind the alleged violation of his rights. Plaintiff also has not alleged facts indicating that any Defendant was personally deliberately indifferent to or tacitly authorized an unlawful unofficial custom. And Plaintiff has not asserted any failure to train or supervise evidenced by a pattern of similar unconstitutional violations of which any Defendant was aware. As currently pled, Plaintiff's allegations fail to state an official capacity claim on which relief may be granted. See Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006) (citing Nix v. Norman, 879 F.2d 429, 432, 433 (8th Cir. 1989)) (to establish liability in official-capacity suit under § 1983, plaintiff must show, inter alia, that official named in suit took action pursuant to unconstitutional governmental policy or custom).

**B.     Personal Capacity Claims**

Plaintiff brought suit under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

Plaintiff asserts that Defendant Smith, as Conway County Sheriff, should know what is going on with his subordinates.  Plaintiff bases his claims against Defendant Smith on respondeat superior.  Because liability under § 1983 is based on an individual's own actions, Plaintiff's allegations against Defendant Smith as currently fail to state a claim on which relief may be granted.

Plaintiff explained that he is Buddhist, is limited to a vegetarian diet, and believes in a "cruelty free, zero harm way of living."  (Doc. No. 2 at 5).  He complains about being served a sandwich with cheese and bread, both of which contains eggs, because those items violate his religious beliefs and health restrictions.  But Plaintiff consistently couches his claims in terms of "negligence."  (Doc. No. 2 at 5).  "Mere negligence is not sufficient to support a cause of action under § 1983."  Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

Plaintiff also complains of other physical ailments, but he does not allege anyone knew of those serious medical needs but ignored those needs.  As such, Plaintiff has not stated a claim on which relief may be granted in connection with those allegations.

### C. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I may recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he shall file the Amended Complaint consistent with the above instructions within thirty (30) days from

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

the date of this Order. If Plaintiff does not submit an Amended Complaint, I may recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 31st day of October, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE